EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA, State Bar No. 227108
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5781
 Fax:  (415) 703-5843
 Email:  Jose.ZelidonZepeda@doj.ca.gov

Attorneys for Defendant California Department of
Corrections and Rehabilitation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **SANTIAGO G. CASSO,** | C 07-5959 CRB |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,** | |
| Defendant. | Judge:      The Honorable Charles R. Breyer |

TO PLAINTIFF SANTIAGO G. CASSO:

PLEASE TAKE NOTICE that Defendant California Department of Corrections and Rehabilitation (Defendant) moves this Court under Federal Rule of Civil Procedure 12(b)(1) and (b)(3) to dismiss this case for lack of standing, mootness, and improper venue.

PLEASE TAKE FURTHER NOTICE that Defendant also moves this Court to dismiss the case under unenumerated Rule 12(b) for failure to exhaust.  The Court may look beyond the pleadings and decide disputed issues of fact when ruling on Defendant's non-enumerated Rule 12(b) motion.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  Plaintiff may provide

1  evidence to the Court to dispute that which is presented by Defendant. *Id.* & at n.14. This

2  motion is based on this notice of motion and motion, the attached memorandum of points and

3  authorities, the declarations filed concurrently with this motion, and the court file in this case.

4      If the Court denies this motion, in whole or in part, Defendant respectfully requests that the

5  Court grant it an additional period of time in which to file a motion for summary judgment or

6  other dispositive motion.

7  **MEMORANDUM OF POINTS AND AUTHORITIES**

8  **INTRODUCTION**

9      This is a civil-rights action under 42 U.S.C. § 1983.  On November 27, 2007, Plaintiff

10  Santiago G. Casso filed a complaint, challenging the application of the California Sexual

11  Predator Punishment Control Act, Cal. Pen. Code § 3003.5 *et seq.* (SPPCA), to him.  The Court

12  screened the complaint on March 18, 2008, and found that Plaintiff appears to state a cognizable

13  due process claim for injunctive relief.  (Mar. 18, 2008 Order 2.)

14      As is readily apparent from the face of Plaintiff's complaint, he was housed at Santa Rita

15  jail when he filed the complaint.  (Compl. 1.)  Although at some point during the course of this

16  litigation Plaintiff was apparently released (Feb. 19, 2008 Not. of Change of Address), he has

17  since been taken back into custody and is currently detained at Deuel Vocational Institution, in

18  Tracy.  (Decl. K. Kostecky ¶ 5.)

19      Because Plaintiff lacked standing at the inception of this action, Defendant moves to

20  dismiss the complaint for lack of jurisdiction.  In the alternative, Defendant moves to dismiss the

21  complaint because Plaintiff has been reincarcerated, and thus his claim for injunctive relief from

22  provisions of the SPPCA is moot.  Further, Defendant moves to dismiss because it is not a proper

23  defendant, and because venue does not lie in this district.  Lastly, Defendant moves to dismiss

24  this action because Plaintiff failed to exhaust administrative remedies.

25  / / /

26  / / /

27

28

Def.'s Not. Mot. & Mot. Dism.; Mem. P. & A.

S. Casso v. CDCR
C 07-5959 CRB

1    **LEGAL STANDARD**

2    Under Rule 12(b)(1), a party can assert the defense that the Court lacks subject-matter

3    jurisdiction due to lack of standing or mootness. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

4    2000). Jurisdictional attacks under Rule 12(b)(1) can be either facial or factual. *Id.* "Unlike a

5    Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's

6    jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any

7    other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.

8    1989). Further, when a defendant moves to dismiss a complaint for lack of subject-matter

9    jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction. *Thornhill*

10   *Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Similarly, when a

11   defendant raises a timely objection to venue, the plaintiff bears the burden to demonstrate that

12   venue is proper. *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 960 (C.D.

13   Cal. 2005).

14   Under *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), this motion is also brought in part

15   as an unenumerated Federal Rule of Civil Procedure 12(b) motion. In ruling on an unenumerated

16   Rule 12(b) motion, the Court may consider evidence other than that which is presented by the

17   complaint itself. *Id.* at 1119-20 ("In deciding a motion to dismiss for failure to exhaust

18   nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of

19   fact.").

20   **ARGUMENT**

21   I.    THIS COURT SHOULD DISMISS THE COMPLAINT DUE TO LACK OF STANDING.

22   The Court should dismiss Plaintiff's complaint because at the time he filed his complaint,

23   Plaintiff lacked standing to sue.

24   Article III, § 2 of the Constitution limits federal courts to decision of "cases" or

25   "controversies." One aspect of the case-or-controversy requirement is standing to sue.

26   *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997). To qualify as a party having

27   standing to litigate, Plaintiff must show "an invasion of a legally protected interest" that is

28   "concrete and particularized" and "actual or imminent." *Id.* (quoting *Lujan v. Defenders of*

Def.'s Not. Mot. & Mot. Dism.; Mem. P. & A.                                    S. Casso v. CDCR
                                                                              C 07-5959 CRB

1   *Wildlife*, 504 U.S. 555, 560 (1990)). Standing must exist at the commencement of the litigation.

2   *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000). A party cannot rely on events occurring after

3   he files the complaint to establish standing. *Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir.

4   2005).

5      Here, according to the allegations of the Complaint, Plaintiff was incarcerated at Santa Rita

6   jail in Dublin, California, when he commenced this action. (Compl. 1.) Plaintiff challenges the

7   application of the Sexual Predator Punishment Control Act, Cal. Pen. Code § 3003.5 *et seq.*

8   (Compl. 3; Mar. 18, 2008 Order 2.) Specifically, Plaintiff contends that the provision prohibiting

9   him from residing within 2,000 feet of any public or private school or park, and the provision

10   requiring that he be monitored with a global positioning system, violate due process. (Mar. 18,

11   2008 Order 2.) By definition, these provisions do not apply to Plaintiff while he is incarcerated,

12   but instead go into effect once a "person is released on parole after having served a term of

13   imprisonment in state prison." Cal. Pen. Code §§ 3003.5(a), 3004(a). Thus, at the time that he

14   commenced this action, Plaintiff lacked standing to sue because he could not show that he had

15   suffered "an invasion of a legally protected interest" that was "actual or imminent." *Arizonans*

16   *for Official English*, 520 U.S. at 64. Instead, Plaintiff sought injunctive relief from regulations

17   that did not apply to him because he was incarcerated.

18      For these reasons, the Court should dismiss the complaint without leave to amend, for lack

19   of standing.[1]

20   **II.  THIS COURT SHOULD DISMISS THE COMPLAINT AS MOOT.**

21      In the alternative, the Court should dismiss the Complaint as moot because Plaintiff's parole

22   has been revoked and he has been placed back in state prison.

23      In its Order of Service, the Court determined that Plaintiff stated a due process claim for

24   injunctive relief from the application of the SPPCA against him. (Mar. 18, 2008 Order 2.)

25

26      1. Courts usually grant leave to amend unless the complaint's defects are not curable by amendment. *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989) (affirming dismissal

27   without leave to amend where complaint's defects were not curable). Here, the standing defect is not curable because Plaintiff is currently incarcerated, and so the Court should dismiss without leave

28   to amend. *See infra* Part II.

Def.'s Not. Mot. & Mot. Dism.; Mem. P. & A.

S. Casso v. CDCR
C 07-5959 CRB

1    However, Plaintiff has since been taken back into custody of the state prison system. (Decl. K.

2    Kostecky ¶ 5.) Thus, Plaintiff's Complaint–which presents solely a claim for injunctive relief–is

3    moot because the provisions of the SPPCA cannot affect him while he is in state prison. Cal.

4    Pen. Code §§ 3003.5(a), 3004(a).

5        In *McQuillion v. Schwarzenegger*, the court explained that a case becomes moot "when the

6    issues presented are no longer 'live' or the parties lack a legally cognizable interest in the

7    outcome." 369 F.3d 1091, 1095 (9th Cir. 2004) (internal citation omitted). Under the caselaw, a

8    prisoner's claims for injunctive relief that challenge prison regulations are rendered moot by the

9    prisoner's release from custody. *Id.*; *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir.

10    1992) (where inmate was released from prison, his claims for injunctive relief were either moot

11    or not ripe and thus properly dismissed).

12        Here, Plaintiff's reincarceration means that there is no longer a live controversy between the

13    parties vis a vis the SPPCA. As a result of this reincarceration, Plaintiff cannot be subject to the

14    challenged provisions. Thus, Plaintiff lacks a legally cognizable interest in the injunctive relief

15    sought. In *McQuillion*, the plaintiff sought injunctive relief to remove the state Governor from

16    the parole process or ordering him to comply with certain state statutes. 369 F.3d at 1095.

17    Subsequently, the plaintiff was released from custody. *Id.* The Court of Appeals held that the

18    inmate's release "extinguishe[d] his legal interest in an injunction because it would have no

19    effect on him," and thus the claim for injunctive relief was moot. *Id.* Similarly, in *Dilley v.

20    Gunn*, the court determined that an inmate's injunctive relief claims pertaining to the prison law

21    library access were rendered moot by the inmate's transfer to another prison. 64 F.3d 1365 (9th

22    Cir. 1995). Like the inmates in *McQuillion* and *Dilley*, Plaintiff in this case has no legally

23    cognizable interest in the injunctive relief sought because it cannot have any effect on him.

24        For these reasons, Plaintiff's Complaint should be dismissed as moot.

25    ///

26    ///

27

28

Def.'s Not. Mot. & Mot. Dism.; Mem. P. & A.                                    S. Casso v. CDCR
                                                                               C 07-5959 CRB

1    III.   THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE DEFENDANT

2          CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION IS NOT A

3          PROPER DEFENDANT.

4          This Court should dismiss the complaint because Plaintiff names a state agency as the sole

5    defendant. Under the caselaw, state agencies are not proper defendants in a civil-rights action

6    under section 1983.

7          Under section 1983, a "person" who violates the Constitutional rights of another is liable for

8    such violations. 42 U.S.C. § 1983. "One of the requisite elements for stating a claim under §

9    1983 is that the violation was committed by a 'person' acting under color of state law." *Cortez v.*

10   *County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002). Moreover, the Supreme Court has

11   held that "in the absence of consent a suit in which the State or one of its agencies or departments

12   is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. &*

13   *Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Will v. Mich. Dep't of State Police*, 491

14   U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil

15   liberties, but it does not provide a federal forum for litigants who seek a remedy against a State

16   for alleged deprivations of civil liberties."). Further, this jurisdictional bar applies "regardless of

17   the relief sought." *Halderman*, 465 U.S. at 100.

18         Here, Plaintiff's § 1983 action seeks to hold Defendant California Department of

19   Corrections and Rehabilitation liable. But under the caselaw, CDCR is not a person and cannot

20   be sued in federal court because it is entitled to immunity under the Eleventh Amendment. *Will*,

21   491 U.S. at 71. Thus, the complaint should be dismissed.[2] Further, because amendment would

22   be futile in light of the standing and mootness problems discussed above, the Court should

23   dismiss the complaint without leave to amend.

24   / / /

25   / / /

26   _____

27        2. Although Eleventh Amendment immunity does not bar a claim for injunctive relief against
     a state officer in his official capacity, Plaintiff here has not sued any state officers. (*See generally*
28   Compl.)

Def.'s Not. Mot. & Mot. Dism.; Mem. P. & A.                                    S. Casso v. CDCR
                                                                               C 07-5959 CRB

6

1    IV.  THE COURT SHOULD DISMISS THIS CASE BECAUSE VENUE IS NOT PROPER IN

2    THIS DISTRICT.

3         If the Court declines to dismiss the case on the grounds raised above, Defendant requests

4    that the Court dismiss the case on the grounds that venue is not proper in this district.

5         Under 28 U.S.C. § 1391(b), venue in this action is proper either in the district where

6    Defendant resides, or in a district where "a substantial part of the events or omissions giving rise

7    to the claim occurred." *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001).

8    As a state agency, Defendant CDCR "resides" in the state capital, Sacramento, which is located

9    in the Eastern District of California.  28 U.S.C. § 84(b).  Additionally, the "events or omissions

10   giving rise to the claim" occurred in the prison where plaintiff was housed, Deuel Vocational

11   Institution, in San Joaquin county. *Myers*, 238 F.3d at 1075-76; *Selfridge v. Deuel Vocational*

12   *Institution*, No. C 07-4456 JSW, 2008 WL 2600730, at *1 (N.D. Cal. Sept. 10, 2007)

13   (transferring case filed by inmate housed at Deuel Vocational Institution to the Eastern District).

14   This is also within the Eastern District of California.  28 U.S.C. § 84(b).

15        When a case in filed in the wrong venue, a court has discretion to transfer the case to the

16   proper court "in the interest of justice."  28 U.S.C. § 1406(a).  Here, transfer would not be "in the

17   interest of justice" because Plaintiff's complaint suffers from a number of other procedural and

18   substantive defects, as set forth above.  Accordingly, the Court should dismiss the case.

19   V.   THIS COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO EXHAUST

20   ADMINISTRATIVE REMEDIES.

21        The Court should dismiss the Complaint because Plaintiff failed to exhaust the available

22   administrative remedies, as required by statute.

23        The Prison Litigation Reform Act provides that "No Action shall be brought with respect to

24   prison conditions under section 1983 . . . until such administrative remedies as are available are

25   exhausted." 42 U.S.C. § 1997e(a).  The United States Supreme Court has held that proper

26   exhaustion under the PLRA requires that an inmate comply with applicable administrative

27   guidelines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  The *Ngo*

28   court stressed that "The benefits of exhaustion can be realized only if the prison grievance system

1    is given a fair opportunity to consider the grievance. The prison grievance system will not have

2    such an opportunity unless the grievant complies with the system's critical procedural rules." *Id.*;

3    *see also Jones v. Bock*, 549 U.S. 199, ___, 127 S. Ct. 910, 922-23 (2007) ("Compliance with

4    prison grievance procedures, therefore, is all that is required by the PLRA to 'properly

5    exhaust.'"). Moreover, the PLRA requires a prisoner to exhaust his administrative remedies

6    before filing suit in federal court. *See Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006);

7    *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). In situations where

8    a prisoner has failed to exhaust administrative remedies, the proper course of action is dismissal

9    without prejudice. *See Wyatt*, 315 F.3d at 1120.

10        The California Department of Corrections and Rehabilitation (CDCR) has an administrative

11    appeals system for prisoner complaints. *See* Cal. Code Regs. tit. 15, § 3084, *et seq.* Under this

12    appeals system, "Any inmate or parolee under the department's jurisdiction may appeal any

13    departmental decision, action, condition, or policy which they can demonstrate as having an

14    adverse effect upon their welfare." *Id.* at § 3084.1(a); *see also Ngo*, 548 U.S. at 85 (describing

15    CDCR prisoner grievance procedure). The administrative appeals process consists of an

16    informal review, two formal levels of review at the institution level, and final review at the

17    Director's level. *Id.*

18        Here, Plaintiff erroneously contends that he exhausted the available administrative

19    remedies. Specifically, in his complaint Plaintiff states that he submitted an informal grievance

20    on or about February 20, 2007 "due to not being released as scheduled per 'Jessica's Law.'"

21    (Compl. 2.) Plaintiff further contends that at the third formal level of review, he was denied

22    release on the same date, February 20, 2007, but that he cannot recall the log number of the

23    grievance. (*Id.*) The records maintained by the institution reflect that Plaintiff did not exhaust

24    the grievance process, however. For example, a printout from the institution's database of

25    inmate grievances shows that Plaintiff submitted one grievance around February, 2007, which

26    was received on March 5, 2007. (Ex. A to Decl. C. Zuniga; Decl. of C. Zuniga ¶ 8.) This

27    grievance was assigned log number DVI-X-07-00637, and concerned the issue "case

28    info./records." (*Id.*) This grievance was "granted in part" at Level I Review. (*Id.*) Plaintiff did

Def.'s Not. Mot. & Mot. Dism.; Mem. P. & A.                          S. Casso v. CDCR
                                                                     C 07-5959 CRB

1    not pursue this grievance through the final level of the review, the Director's Level. (Ex. A to

2    Decl. N. Grannis [Level III Report].)

3        Moreover, the March 5, 2007 grievance did not raise the challenges to the 2000-feet and

4    GPS provisions of the SPPCA. (Ex. B to Decl. C. Zuniga.) Instead, this grievance concerned

5    Plaintiff's claim that he was being held past his release date, and requested "discoverys [sic] of

6    any holds and the initiation of proceedings to adjudicate the findings, a release and or [sic] the

7    processing of papers to release me." (Id.) Plaintiff was "partially granted" the relief sought in

8    this grievance, by being released on parole on April 5, 2007. (Id.)

9        Although Plaintiff makes no reference to it, he submitted a separate grievance regarding his

10   classification as a high risk sex offender. That grievance was submitted on June 1, 2007, and

11   assigned log number DVI-X-07-1503 at the institution level. (Ex. A to Decl. C. Zuniga; Decl. C.

12   Zuniga ¶ 9.) In this grievance, Plaintiff complained that he was "being unjustly classified as a

13   high risk sex offender so that a Global Positioning System can be attached" to him. (Ex. C to

14   Decl. C. Zuniga.) In this latter grievance, Plaintiff requests that the GPS ankle bracelet not be

15   attached to him, and that the institution reassess his sexually violent predator designation. (Id.)

16   On August 22, 2007, Plaintiff withdrew this grievance, stating that he no longer cared about the

17   grievance because he was "waiting on a habeas motion." (Id.; Decl. of C. Zuniga ¶ 9.) Thus, this

18   second grievance was also not fully exhausted at the administrative level.

19       As shown above, Plaintiff did not present the two claims in this action in his grievances.

20   Moreover, Plaintiff did not exhaust the grievances that he submitted through the complete

21   administrative process. Accordingly, Plaintiff's complaint should be dismissed, without

22   prejudice.

23                              **CONCLUSION**

24       For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's

25   Complaint without leave to amend. If the Court denies this motion, Defendant

26   ///

27   ///

28

Def.'s Not. Mot. & Mot. Dism.; Mem. P. & A.                                S. Casso v. CDCR
                                                                            C 07-5959 CRB

1  respectfully requests additional time to file motion for summary judgment motion or other

2  dispositive motion.

3              Dated:  June 13, 2008

4                         Respectfully submitted,

5                         EDMUND G. BROWN JR.
                         Attorney General of the State of California

6                         DAVID S. CHANEY
7                         Chief Assistant Attorney General

                         FRANCES T. GRUNDER
8                         Senior Assistant Attorney General

9                         JONATHAN L. WOLFF
                         Supervising Deputy Attorney General

10

11

12                        JOSE A. ZELIDON-ZEPEDA
                         Deputy Attorney General
13                        Attorneys for Defendant California Department of Corrections
                         and Rehabilitation

14
   20115033.wpd
15   SF2008401166

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **S. Casso v. CDCR**

Case No.:      **C 07-5959 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 16, 2008, I served the attached

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF K. KOSTECKY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(1)**

**DECLARATION OF C. ZUNIGA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Santiago G. Casso
K-79110
Deuel Vocational Institution
P.O. Box 400
Tracy, CA 95378-0400
Pro Per

Santiago G. Casso
37461 Cherry Street, Apt- B
Newark, CA 94560

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 16, 2008**, at San Francisco, California.

| M. Xiang | |
| --- | --- |
| Declarant | Signature |