1

2

3

4

5

6

7

8

9

10

11

12

13

14

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

15

16

17

18

19

20

| | |
|---|---|
| SANTIAGO G. CASSO,<br><br>                                        Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br><br>                                    Defendant. | C 07-5959 CRB<br><br>**[PROPOSED] ORDER<br>GRANTING DEFENDANT'S<br>MOTION TO DISMISS**<br><br>Judge:      The Honorable<br>                 Charles R. Breyer |

21

22

23

24

25

### INTRODUCTION

This is a prisoner civil rights action under 42 U.S.C. § 1983. Currently before the Court is defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The Court has reviewed the motion and supporting documentation, and any opposition papers. Good cause appearing, the motion to dismiss is GRANTED.

26

### FACTUAL BACKGROUND

27

28

Plaintiff filed his Complaint on November 27, 2007. According to the Complaint, at the commencement of this action Plaintiff was incarcerated at Santa Rita jail, in Dublin, California.

1  (Compl. 1.)  Plaintiff subsequently informed the Court of a new address on February 19, 2008.

2  Since April 3, 2008, however, Plaintiff has been incarcerated at the Deuel Vocational Institution,

3  in Tracy, California.  (Decl. K. Kostecky ¶ 5.)

4       In its March 18, 2008 Order of Service, the Court found that Plaintiff stated a cognizable

5  claim for injunctive relief from two provisions of the Sexual Predator Punishment and Control

6  Act, Cal. Pen. Code § 3003.5, *et seq.* (SPPCA).  Specifically, Plaintiff challenges the provision

7  prohibiting registered sex offenders from residing within 2,000 feet of any public or private

8  school or park, and the provision requiring them to be monitored by a global positioning system.

9                                   **LEGAL STANDARD**

10      Under Rule 12(b)(1), a party can assert the defense that the Court lacks subject matter

11  jurisdiction due to lack of standing or mootness.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

12  2000).  "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a

13  complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on

14  affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d

15  199, 201 (9th Cir. 1989).  Further, when a defendant moves to dismiss a complaint for lack of

16  subject-matter jurisdiction, the plaintiff bears the burden of proving that the court has

17  jurisdiction. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.

18  1979).

19                                      **ANALYSIS**

20      Article III, § 2 of the Constitution limits federal courts to decision of "cases" or

21  "controversies."  One aspect of the case-or-controversy requirement is standing to sue.

22  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997).  To qualify as a party having

23  standing to litigate, Plaintiff must show "an invasion of a legally protected interest" that is

24  "concrete and particularized" and "actual or imminent." *Id.* (quoting *Lujan v. Defenders of*

25  *Wildlife*, 504 U.S. 555, 560 (1990)).  Standing must exist at the commencement of the litigation.

26  *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000).  A party cannot rely on events occurring after

27  he files the complaint to establish standing. *Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir.

28  2005).

[Proposed] Ord. Granting Def.'s Mot. Dismiss

S. Casso v. CDCR
C 07-5959 CRB

1    Here, Plaintiff challenges two provisions of the SPPCA, and seeks injunctive relief from

2  these. However, at the time Plaintiff filed his Complaint, he was incarcerated. By definition, the

3  challenged provisions do not apply to Plaintiff while he is incarcerated, but instead go into effect

4  once a "person is released on parole after having served a term of imprisonment in state prison."

5  Cal. Pen. Code §§ 3003.5(a), 3004(a). Thus, at the time that he commenced this action, Plaintiff

6  lacked standing to sue because he could not show that he had suffered "an invasion of a legally

7  protected interest" that was "actual or imminent." *Arizonans for Official English*, 520 U.S. at 64.

8    Although leave to amend the complaint should be freely granted, in this case it is clear from

9  the Declaration of K. Kostecky that Plaintiff is currently incarcerated in state prison. Thus, the

10  Court declines to grant Plaintiff leave to amend because the standing defect is not curable. *See*

11  *Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989) (affirming dismissal without leave to

12  amend where complaint's defects were not curable).

13    For the foregoing reasons, Defendant's Motion to Dismiss for lack of subject matter

14  jurisdiction is GRANTED. The Complaint is dismissed, without leave to amend.[1]

15    IT IS SO ORDERED.

16

17  Date: _____

                                     The Honorable Charles R. Breyer

18                                       United States District Judge

19

20

21
20115417.wpd
SF2008401166
22

23

24

25

26

27

---

28  1. In light of this ruling, the Court does not reach the other grounds for dismissal raised by Defendant.

[Proposed] Ord. Granting Def.'s Mot. Dismiss                                    S. Casso v. CDCR
                                                               C 07-5959 CRB