Santiago G. Casso
K-79110
D.V.I., P.O. Box 600
Tracy, CA, 95378-0600
Pro-Per

In The United States District Court for the Northern District of California San Francisco Division

FILED
08 JUN 26 PM 12:45
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Santiago G. Casso, Plaintiff

vs.

California Department of Corrections and Rehabilitation, Defendant

Case no. C-07-5959 CRB

Opposian to Defendants Notice of Motion and Motion to Dismiss dated June 13, 2008

The Defendant in the above-entitled caption moves this court to dismiss the case under unenumerated Rule 12(b) for failure to exhaust administrative remedies with a Grevience for a statute?

Generally, prisoners as the Plaintiff is this momment with a release date of July 18, 08 a Friday must exhauste administrative remedies before filing a 1983 civil Action. However, the exhaustion requirement does not apply where administrative are futile or inadequate. (In re Dexter (1979) 25 Cal. 3d 921; In re Reina (1985) 171 Cal. App. 3d 638, 642; In re Serna (1978) 76 Cal. App. 3d 1010, 1014.)

Here, exhaustion is not required because the administrative remedies are futile and inadequate. The remedies are futile because Petitioner is challenging the legality of a statue that Defendant does not have the authority to alter or suspend. Moreover, Plaintiff can be certain that any appeal would be denied based on the CDCR's established policy of enforcing Penal Code section 3003.5, subdivision (b). The remedies are inadequate because Plaintiff is in danger again of imminent arrest or homelessness as a permenently mobility Impaired person. There is simply not enough time to process an administrative

grievance befor he is irremediably affected by the CDCR's policy. (see Cal. Code Reg., Tit. 15 § 3084.7, Subd. (g) [providing for review by CDCR final level].)

The Defendant in page 2 of Memorandum of Points and authorities, Introduction goes further for a dismisal due to lack of Jurisdiction

However, Plaintiff contends "The Residency Restrictions of Proposition 83 are impermissibly vague and violate Plaintiffs fundemental Right to due process"

Section 3003.5, subdivision(b) is unconstitutionally vague because it does not define the terms in the statue that would tell Plantiff where he is permitted to live.

When a penal statue does not provide an individual with sufficient notice of permissible conduct, it will be found void for vagueness. (see Kolender v. Lawson (1983) 461 U.S. 352, 357; See also Lanzetta v. State of New Jersey (1939) 306 U.S. 451, 453 ["No one may be required at peril of life, liberty or property to speculate as To The Meaning of penal statues. All are entitled to be definite So as to provide explicit standards for those who apply it in a Manner That does not encourage arbitrary and discriminatory enforcement. (see Kolender, 461 U.S. at 357.)

Under Section 3003.5, Subdivision(b) "it is unlawfull for any person for whom registration is required pursuant to Section 290 to reside within 2,000 feet or for the Plaintiff 2,640 feet of any public or private school or park where children regualarly

gather". This is the extent of the housing restriction contained in the statue for the Plaintiff (2640').

The statue contains no definition of what constitutes "reside" for the purposes of the statue, ~~the statue~~ how the 2460 feet between a parolees residence and an offending school and/or park is to be measured, OR most problematic, what constitutes "a park where children gather". Such vagueness and lack of definition violates a parolees right to due Process, as they have no fair warnings as to where Plaintiff for example may legally reside. (See Grayned v. City of Rockford (1972) 408 U.S. 104, 108 ["Vague laws may trap the innocent by not providing fair warning"].)

The vagueness of the statue with respect to what constitutes a "Park where children gather", is encouraging arbitrary enforcement by law enforcement personnel throughout the state. (See Kolender, 461 U.S. at 358.) Each individual CDCR parole unit has almost complete discretion to determine whether or not a parolee is in compliance with the housing restrictions, based on an independent assessment of what constitutes "a Park where children regularly gather". For example, parole agents might determine that beaches and commercial ballparks are "Parks where children regualarly gather", while in other counties parole agents might declare all open space with dirt and shrubs or a nature reserve with bobcats

and coyotes parks off limits, regardless of whether children are known to regualarly gather at such locations, Aside from Plaintiffs case occuring over 20 years ago and not a repeat offender this conviction occured in a "public bar" during buisness hours during a very crowded hour with a women of age not a child or children but adults the park that is prohibiting Plaintiff to reside in a home he's know for 30yrs is a small grassy area of the side of a police Newark dept. where officers, secretary, Detectives take breaks and on occassion as in any inviorement one could meet family or wives with husbands for officers, this police dept. park is within 2,640 feet as the crows fly away from Plaintiffs American with Disabilitys act compliant home 37461 Cherry St., APT-B, Newark, Ca. 94560 (510) 795-7484.

In addition, Defendant has chosen to define 2640 feet distant term of the statue to mean 2,640 feet "as the crows flies". Some individuals are thus being forced from their homes even though the school or park at issue is located on the other side of a freeway, with no means of access along a path anyway near as short as 2640 feet.

The impermmissibly vague nature of the statue allows this ~~short~~ sort of arbitary and

capricious enforcement with no consideration for the interests intended to be served. Parolees themselfs are unable to come into compliance with the housing restrictions because of the vagueness of the statutory language coupled with the arbitrary enforcement of its restrictions. Parolees attempting to find housing on their own cannot rely on maps to locate compliant housing if there are no consistent or explicit instructions as to what constitutes a "Park where children gather." This is especially problematic given the short time that parolees have been or Plaintiff has been given to find compliant housing or face arrest and incarceration. The housing restriction should be declared unconstitutionally vague, as it does not describe, with sufficient clarity, what a parolee must do in order to be in compliance with the statue. (See Kolender, 461 U.S. at 361.)

The 2,640 feet restriction violates the Ex-Post facto clause of the United States Constitution as applied to persons, like Plaintiff, whose sex offenses were committed before the pasage of the law on November 7, 2006. The United States Supreme Court has defined three distinct types of ex post facto violations: (1) "'any statue which punishes as a crime an act previously committed, which was innocent when done'"; (2) any statue "'which makes more burdensome the punishment for a crime, after its commission'";

and (3) any statue "which deprives one charged with crime of any defense available according to law at the time when the act was committed." which deprives one charged with crime of any defenses available according to law at the time when the act was committed."" (Collins v. Youngblood (1990) 497 U.S. 37, 42 [quoting Beazell v. Ohio (1925) 269 U.S. 167, 169-170].)

The 2,640-foot restriction, as applied to persons who committed sex offenses before 11/8/06, falls into the second category of ex-post facto violations, in that it violates this aspect of the Ex Post facto Clause if it operates retroactively by punishing conduct completed before its enactment and adds to the penalty already imposed. (See Weaver v. Graham (1981) 450 U.S. 24, 29-30; see also Johnson v. United States (2000) 529 U.S. 694, 699.)

The S.P.P.C.A.'s 2,640-foot restriction is sufficiently punitive to trigger the Ex Post facto Clause. In assessing whether a statute is punitive, the court must determine whether the purpose of the statue was to establish a non-punitive, regulatory scheme or to impose punishment. (See Smith v. Doe 538 U.S. 84, 92.) If the statue was enacted to impose punishment, then it is a facial violation of the Ex Post Facto Clause. (Ibid) If, however, the statue was intended to be regulatory, an individual must demonstrate that the scheme is "so punitive either in purpose or effect as to negate [the states] intention to deem it "civil" to establish a constitutional violation. (Ibid) Here,

Both tests are met, in that the SPPCA's intent and effect are punitive.

The Defendant also goes on to claim "page #4- That as a incarcerated Prisoner This case should be dismissed, However upon release This 7/18/08 The "constructive custody" is still in effect and these restraints for housing has already caused The Plaintiff to be homeless, seperated from family, and is an invasion of legally protected interest. Plaintiff's release date is also violated as the present release date of 7/18/08 Friday this facility, Devel Vocational Institution, P.O. Box 600, Tracy, Ca. 95378-0600, Plaintiff is classified as "High Control" and while under the authoritie of S.G. Moore, Chief Deputy Warden has in the past been held beyond his release date and again has been informed by Counsler II Hernandez that the SPPCA also will effect My release date, Plaintiff pleads for a stay to being detained beyond his release date an "Order" from The Courts. please to be released as scheduled.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Date: 6/22/08

Santiago G. Casso #K-79110

Santiago G. Casso #K-79110
D.V.I., P.O. Box 600
Tracy, Ca. 95378-0600

SANFORD JAY ROSEN[1]
MICHAEL W. BIEN
ERNEST GALVAN
GAY C. GRUNFELD

JANE KAHN[2]

**ROSEN, BIEN & GALVAN, LLP**
ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA 94104-0390
TELEPHONE: (415) 433-6830
FAX: (415) 433-7104
EMAIL: rbg@rbg-law.com
www.rbg-law.com

HOLLY BALDWIN
LISA ELLS
SHIRLEY HUEY[3]
MEGHAN LANG
SARAH LAUBACH
ANNE MANIA
NURA MAZNAVI
MARIA MORRIS[4]
THOMAS NOLAN
LORI RIFKIN[5]
LOREN STEWART
KENNETH WALCZAK[6]
AMY WHELAN
SARAH O. ZIMMERMAN[6]




April 17, 2008

VIA FACSIMILE AND E-MAIL

Gene Nies, ADA Coordinator
Steve Dwight, ADA Correctional Counselor
Deuel Vocational Institution
PO Box 600 (Admin)
Tracy, CA 95378
Email: Gene.Nies@cdcr.ca.gov
Steve.Dwight@cdcr.ca.gov

Kevin Kostecky, Litigation Coordinator
Deuel Vocational Institution
PO Box 600 (Admin)
Tracy, CA 95378
Facsimile: (209) 830-3922
Kevin.Kostecky@cdcr.ca.gov

Re: *Armstrong v. Schwarzenegger*
Our File No. 581-3

Dear Mr. Nies, Mr. Dwight, and Mr. Kostecky:

Plaintiffs write concerning class member Santiago Casso (K-79110), a DVI inmate with a mobility impairment. Our records indicate that Mr. Casso has been classified as DPM in the past and most likely currently. Mr. Casso informed us that upon his recent arrival to DVI, he was in possession of a lower-bunk, no stairs, and CSR alert chrono issued from San Quentin (his sending institution). Despite this, he was told that he would have to be housed on an upper bunk due to the unavailability of lower bunks. Mr. Casso is currently housed on an upper bunk, which presents a danger to his safety due to his mobility limitations.

Please investigate this situation and ensure that Mr. Casso is moved to a lower bunk as prescribed by his most recent housing chrono.

This letter is being sent directly to you pursuant to an agreement between the *Armstrong* plaintiffs' attorneys and the Legal Affairs Division of the Department of Corrections. It is intended to inform the institution of plaintiffs' counsel's concerns about *Armstrong* class members at the institution. A copy of this letter is being sent to the Legal Affairs Division and the Court Compliance Team (CCT) at the CDC headquarters.

//

[1] MEMBER OF THE CONNECTICUT AND THE CALIFORNIA BAR
[2] OF COUNSEL
[3] MEMBER OF THE WASHINGTON, D.C. AND THE CALIFORNIA BAR
[4] ~~MEMBER OF THE NEW YORK AND THE CALIFORNIA BAR~~
[5] MEMBER OF THE CONNECTICUT, NEW YORK AND THE CALIFORNIA BAR

If you have any questions, please contact CCT.

Sincerely,

ROSEN, BIEN & GALVAN, LLP

By: Thomas Nolan

TN:md
CC: Jim Blevins (via email only)
Rick Wells (via email only)
Mr. Santiago Casso K-79110

Exhibit 2

SANFORD JAY ROSEN[1]
MICHAEL W. BIEN
ERNEST GALVAN
GAY C. GRUNFELD

JANE KAHN[2]

**ROSEN, BIEN & GALVAN, LLP**
ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA 94104-0390
TELEPHONE: (415) 433-6830
FAX: (415) 433-7104
EMAIL: rbg@rbg-law.com
www.rbg-law.com

HOLLY BALDWIN
LISA ELLS
SHIRLEY HUEY[3]
MEGHAN LANG
SARAH LAUBACH
ANNE MANIA
NURA MAZNAVI
MARIA MORRIS[4]
THOMAS NOLAN
LORI RIFKIN[5]
LOREN STEWART
KENNETH WALCZAK[6]
AMY WHELAN
SARAH O. ZIMMERMAN[6]

April 18, 2008

**CONFIDENTIAL LEGAL MAIL**
Santiago Casso K-79110
Deuel Vocational Institution
P.O. Box 600
Tracy, CA 95378

Re: *Armstrong v. Schwarzenegger*
Our File No. 581-3

Dear Mr. Casso:

I am writing in response to your letter that we received on April 9, 2008. In your letter you stated that you were recently transferred to DVI from San Quentin. Upon your arrival you had a chrono requiring a lower bunk, no stairs, and a CSR alert. Despite this, you are currently being housed on an upper bunk due to the unavailability of lower bunks.

I am sorry to hear about your situation. Have you been given an 1845 evaluation since arriving to DVI? Do you have a current chrono on file indicating your housing restrictions? DVI should honor your chronos from San Quentin until you are able to be seen by a DVI doctor to determine your continued need for accommodations. I would recommend that you file an emergency 1824 appeal requesting that your housing chronos be honored and that you be moved to a lower bunk to accommodate your mobility impairment. Be sure to file your appeal to the third and final level if necessary.

We will also write to Defendants about this issue and we will let you know when we receive a response.

Thank you for writing to us and we wish you the best of luck.

Sincerely,

ROSEN, BIEN & GALVAN, LLP

By: Marisa Díaz
Paralegal

TN:md
Encl: 1824, AFAQ, April 17, 2008 Letter to Defendants

[1] MEMBER OF THE CONNECTICUT AND THE CALIFORNIA BAR
[2] OF COUNSEL
[3] MEMBER OF THE WASHINGTON, D.C AND THE CALIFORNIA BAR
[4] MEMBER OF THE NEW YORK AND THE CALIFORNIA BAR
[5] MEMBER OF THE CONNECTICUT, NEW YORK AND THE CALIFORNIA BAR
[6] MEMBER OF THE ILLINOIS AND THE CALIFORNIA BAR

Defendant goes further to employ The Declaration of K. Kostecky in support of defendants Motion to dismiss.

litigation Coordinator is presently in violation of The Armstrong v. Wilson, v. ~~sch~~ schwarrezennger Remedia plan for The disabled a case in which the Plaintiff is a Plaintiff of That upon arrival all ADA accomidations for The Plaintiff were denied the plaintiff was required to reach the law offices of Rosen, Bien and Galvan who Faxed a notice to K. Kostecky to complie with these court orders and as of yet has not completly complied. Notices From The Plaintiff to K. Kostecky have or are not responded to in regards to coordinate Telephonic court appearences to case management hearings. Greviences for The ADA are slow and delayed For remedies see attached Exibits. Plaintiff's idiea of credibility is not K. Kostecky and would pray for a hearing to expose This witness as not compatent and questionable in effective compliance to court Orders and Job skills.

Defendants bring in Zuniga C. and is not The Appeals Coordinator Richard Russell is whom screens and processes These greviences that is faulty or poorly processed to the point where these fall behind the Time restraints and cannot be followed-up on including The "602"

on Grevience Plaintiff Submitted and did not stop or terminate as it is written per CDC-staff.

Presently Plaintiffs legal Material is confiscated including other I/m's See exhibits R2 including Greviences that due to the "Hold" have surpassed Time restraints to continue. or no longer accepted due to lost of originals at facility level and when I/m submitts it to Directors level it is denied This is interference and delaying intentionally with Plaintiffs "due process".

 Exibit-R

Declaration/Affidavit of

I, Randy Havlin declare:

Tony Stout

Harvey Ford

Joseph Hess

I declare under penalty of perjury under the laws of the state of California that we in the afore-mention have authorized I/m Santiago Casso #K-79110 to assist us in our legal work including having in his possesion legal/medical documents/Petitions For Copying;

DATE: 6/11/08

Randy Havlin

Tony Stout

Harvey Ford

Joseph Hess

Per § 114.12 [2] Access to counsel or Other Assistance Prison Officials may not unreasonably interfere with legal assistance between Prisoners [Wolf v. McDonnell (1974) 418 U.S. 539, 579-580 94 S.CT. 2963, 41 L.Ed.2d 935; Johnson v. Avery (1969) 393 U.S. 483, 487-490, 89 S.CT. 747, 21 L.Ed.2d 718; Brown v. Pitchess (1975) 13 Cal.3d 518, 524-526, 119 Cal.Rptr. 204, 531 P.2d 772].

Santiago Casso
#K-79110, D.\
P.O. Box 600
Tracy, Ca. 95378-0600
H-Dorm #12

LEGAL M

RECEIVED
JUN 26 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRB

MAIL

United States Distri
Northern District o
450 Golden Gate