1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Acting Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  JOSE A. ZELIDON-ZEPEDA, State Bar No. 227108
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5781
     Fax:  (415) 703-5843
8    Email:  Jose.ZelidonZepeda@doj.ca.gov

9  Attorneys for Defendant California Department of
   Corrections and Rehabilitation

10

11                 IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15  **SANTIAGO G. CASSO,** | C 07-5959 CRB |
| 16                               Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO** |
| 17         **v.** | **DISMISS** |
| 18  **CALIFORNIA DEPARTMENT OF** | Judge:      The Honorable |
|     **CORRECTIONS AND REHABILITATION,** |                  Charles R. Breyer |
| 19 | |
| 20                               Defendant. | |

21                          **INTRODUCTION**

22        On June 16, 2008, Defendant California Department of Corrections and Rehabilitation

23  (Defendant) filed a motion to dismiss this action.  Plaintiff Santiago G. Casso has filed an

24  opposition to the motion to dismiss.  Because Plaintiff provides no basis for denying the motion

25  to dismiss, Defendant respectfully requests that the Court dismiss this action.

26  ///

27  ///

28

Def.'s Reply Supp. Mot. Dism.                                        S. Casso v. CDCR
                                                                     C 07-5959 CRB

## ARGUMENT

Initially, Defendant notes that Plaintiff's opposition to the motion to dismiss does not address most of the issues raised by Defendant. Specifically, Defendant moved to dismiss on the following bases: 1) lack of standing; 2) mootness; 3) improper defendant; 4) improper venue; and 5) failure to exhaust. (*See generally* Def.'s Mot. Dism.) In his opposition, Plaintiff contends that the Court should not dismiss on exhaustion grounds, and seems to argue that this case is not moot. (*See generally* Pl.'s Opp. Mot. Dism.) In light of this, the Court should dismiss the action for lack of standing, because CDCR is not a proper defendant, and because venue does not lie in this district, as set forth in Defendant's motion to dismiss. Moreover, Plaintiff's arguments as to exhaustion and mootness are unavailing.

I.     The Court Should Dismiss this Action Because It Is Moot.

In the motion to dismiss, Defendant pointed out that this action is moot because Plaintiff's parole has been revoked, and he has been placed back in state prison. (*See* Def.'s Mot. Dism. 4-5.) Plaintiff seems to argue that the action is not moot because he will be released in the future. (Pl.'s Opp. Mot. Dism. 7.)

Plaintiff provides no basis for his assertion that he will be released on July 18, 2008. (*See generally* Pl.'s Opp. Mot. Dism.) Absent such competent evidence, he has failed to meet his burden to establish subject-matter jurisdiction. *See Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (noting that the plaintiff bears the burden to establish jurisdiction). Accordingly, the Court should reject Plaintiff's conclusory arguments regarding mootness.

II.     Plaintiff Failed to Exhaust Available Administrative Remedies, As Required by the Prison Litigation Reform Act.

Plaintiff also argues erroneously that the Court should not dismiss this action for failure to exhaust because the exhaustion requirement does not apply in this case.

The Prison Litigation Reform Act (PLRA) exhaustion requirement is mandatory. 42 U.S.C. § 1997e(a). Moreover, courts lack authority to excuse failure to exhaust. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Similarly, the PLRA does not contain any exceptions to the exhaustion

Def.'s Reply Supp. Mot. Dism.

S. Casso v. CDCR
C 07-5959 CRB

1  requirement. 42 U.S.C. § 1997e(a); *Bovarie v. Giurbino*, 421 F. Supp. 2d 1309, 1312 (S.D. Cal.

2  2006).

3      Plaintiff argues that exhaustion is not required for his action because "the administrative

4  remedies are futile and inadequate." (Pl.'s Opp. Mot. Dism. 1). As noted above, the PLRA does

5  not contain any exceptions to the mandatory exhaustion requirement. In fact, in enacting the

6  PLRA, Congress eliminated the courts' discretion to excuse exhaustion "in the interests of

7  justice." *Booth*, 532 U.S. at 741 n.5. Further, *Booth* explicitly rejected a "futility" exception to

8  the mandatory exhaustion requirement, and instead held that an inmate must exhaust even where

9  he alleges that the administrative process cannot grant him the relief he seeks. *Id.* at 741. Thus,

10  Plaintiff's reliance in state court decisions such as *In re Dexter*, 25 Cal. 3d 921 (Cal. 1979) and

11  *In re Reina*, 171 Cal. App. 3d 638 (Cal. Ct. App. 1985), is unavailing.[1]

12      Plaintif also raises substantive arguments regarding the merits of his due process challenge.

13  (Pl.'s Opp. Mot. Dism. 2-5.) These arguments are irrelevant, however, in light of the fact that

14  Plaintiff cannot establish his right to bring this action in federal court by showing that this Court

15  has subject-matter jurisdiction. Finally, Plaintiff calls into question the credibility of one of the

16  declarants supporting the motion to dismiss, K. Kostecky, without arguing that the substance of

17  the declarant's testimony is somehow wrong. (*Id.* at 8.) Similarly, Plaintiff argues that another

18  declarant, C. Zuniga, is not the appeals coordinator, without either stating how this is relevant or

19  how the testimony of this declarant is otherwise unreliable or inaccurate. (*Id.*) For

20  ///

21  ///

22

23

24

25

26

---

27      1. Additionally, Defendant notes that both *In re Dexter* and *In re Reina* are cases in the

28  habeas context. In the prisoner civil rights context, California courts also require exhaustion of
administrative remedies. *See Wright v. State*, 122 Cal. App. 4th 659 (Cal. Ct. App. 2004).

Def.'s Reply Supp. Mot. Dism.                                               S. Casso v. CDCR
                                                                            C 07-5959 CRB

1 these reasons, the Court should reject Plaintiff's arguments in opposition to the motion to

2 dismiss.

### CONCLUSION

4      As Defendant sets forth in his motion to dismiss, this Court lacks jurisdiction and is not the

5 proper venue for this action. Plaintiff's arguments to the contrary lack merit. Accordingly, the

6 Court should dismiss this action, without leave to amend.

7      Dated: July 7, 2008

8                   Respectfully submitted,

9                   EDMUND G. BROWN JR.
                  Attorney General of the State of California

10                   DAVID S. CHANEY
                  Chief Assistant Attorney General

11
                  ROCHELLE C. EAST
                  Acting Senior Assistant Attorney General

12

13                   JONATHAN L. WOLFF
                  Supervising Deputy Attorney General

14

15

16                   JOSE A. ZELIDON-ZEPEDA

17                   Deputy Attorney General
                  Attorneys for Defendant California Department of Corrections

18                   and Rehabilitation

19

20 20119716.wpd
SF2008401166

21

22

23

24

25

26

27

28

Def.'s Reply Supp. Mot. Dism.

S. Casso v. CDCR
C 07-5959 CRB

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **S. Casso v. CDCR**

Case No.:    **C 07-5959 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 7, 2008, I served the attached

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Santiago Casso                              Santiago Casso
K-79110                                     37461 Cherry Street, Apt-B
Deuel Vocational Institution                Newark, CA 94560
P.O. Box 400
Tracy, CA 95378-0400
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 7, 2008**, at San Francisco, California.

| | |
|---|---|
| M. Xiang | _(signature)_ |
| Declarant | Signature |