1   Santiago G. Casso        (your name)

2   K-29110        (CDC #)
    P.O. Box 600
3   Tracy, CA 95378-0600
4   In Pro per

5

6

7       In The United States District Court For The

8       Northern District of California

9           San Francisco Division

10  Santiago G. Casso              )    CASE No. C 07-5959 CRB
                    Petitioner,    )
11                                 )    MOTION FOR Plaintiffs Support
12  v. California Department of    )    to oppose Defendants Reply in
13  Corrections and Rehabilitation,)    Support of Motion to Dismiss
14                    Respondent,  )    Judge: The Honorable
15  _____    )        Charles R. Breyer

16

17      TO: THE HONORABLE COURT IN THE ABOVE ENTITLED CAUSE

18

19      PLEASE TAKE NOTICE: That as soon as this matter may be heard by the

20  Court, the above named petitioner will move for a opposition to defendants

21  Reply in Support of Motion to Dismiss dated July 02,08. On

22  6/16/08 plaintiff filed an opposition to Defendants 6/16/08

23  Motion to dismiss action dated 6/16/08 and July 2,08

24          This motion is based on all the records and files listed under the above

25  mentioned case number, and the attached declaration of the defendant.

26  DATE: 7/10/08                    RESPECTFULLY SUBMITTED,

27

28                                   Santiago Casso

(LIB# 21  BLANK MOTION)

1 of

## Introduction

On 16, June 2008, Defendant filed a motion to
dismiss this action. Plaintiff Santiago G. Casso
filed an opposition to the motion to dismiss
Defendant-California dept. of Corrections and Rehabilit-
ations submitted a "defendants Reply in Support of
Motion to dismiss" that alledged Plaintiffs oppost-
ion provided no basis for denying Motion to dismiss,
Plaintiff respectfully request that the court "deny"
defendants Motion's in this action to dismiss.

## Argument

Defendants have argued that Plaintiff has not
argued the grounds for Defendants basis to
dismiss. as in the following: Defendants basis
to dismiss is #1 lack of Standing, Plaintiff has
Submitted pages and pages of Ex post fact
laws violation as the cause of Action with
Memorandum of points and authorities, if
these pages, cited laws are not available
Plaintiff is prepared to re-state, be advised
law-library to Plaintiff is available once every
3 wks and for one hr. paper is limited as
of this minute as is ink however it is the
Plaintiffs contention against the Motion to
dismiss action by Defendants the.... New laws
that make the punishment for a prior crime
more burdensome violate the Ex Post Facto Clause
regardless of whether the punishment is enfor-
ced in connection with parole Conditions. (see
United States v. Jackson (9th Cir. 1999) 189 F.3d 820,

2of

DECLARATION OF

824. [ Parole Condition arising from change in law after ~~hereby declare~~
Commission of underlying offenses violates Ex Post
facto Clause if the Condition is punitive].)

In People v Callegias (2000) 85 Cal. App. 4th 667, The
court determined That The Ex Post facto clause barred
The imposition of a parole revocation fine where the
underlying offense was committed prior to the enact-
ment of the statuate. In Callejas, The Plaintiff
committ a drunk driving offense in 1993, and was
sentenced to probation. (Id at 669) In 1995, the legis-
later added a "parole revocation fine" to the Penal
Code. (Ibid.) In 1999, Callejas was re-sentenced for
The 1993 drunk driving offense and the superior Court
imposed the new parole revocation fine increased
penalties in a manner that differed from the cond-
itions in place at The Time of Callejas underlying
offenses, not future violations of parole. (Id. at 677-
678.)

Callejas followed the ~~original~~ rule of Johnson v.
~~Earth, the materials above eweeefares~~ (2000) 529 U.S. 695,
in holding that for ex Post facto purposes, a parole
revocation penalty ~~back~~ relates back to the
original offense, and not to a future parole viol-
ation. Johnson concerned the imposition of

an additional Supervised release team after violation
of parole. (see id. at 700-701.)

Holding that post-revocation penalties must be attributed
to the original conviction, the Court determined that the
imposition of an additional supervised release term
would alter the conditions upon which Plaintiff was originally
Sentenced and be a retrospective application of the statute
barred by the Ex Post facto Clause. (Id at 701.)

Both Johnson and Callejas established that the application
of the SPPCA to parolees who committed Section 290 offenses
prior to the statutes passage on 11/07/06 would be
retrospective, regardless of whether such parolees were
released from custody after the statutes effective date,
as the new housing restrictions fundamentally alter the
parole scheme under which they were sentenced.

Because the SPPCA's 2,000-Foot restriction or for the
Plaintiff 2,640'-Foot restriction is punitive in intent
and effect, such retrospective application violates
Ex Post facto Clause.

As far as defendants claims to the "Mootness" on the
Plaintiffs no basis for his assertion that he will be released
on July 18, 2008 (See exhibit P1) The Plaintiff is scheduled
to be released again as on 2/17/08 a friday This law
has plaintiff detained beyond his release date if it
falls on a friday disignoted Plaintiff as "High Risk"
Plaintiff will be held again untill a Sunday The
Plaintiff pleuds pleads to be released as scheduled
pleads for contact to be made with S.G. Moore chief
deputy terwarden and allow Plaintiff to be released

1 of

and not detained again beyond his release date
due to it falling on a friday. Plaintiff will be released
3 days or AFTER Courts recieve this opposition
Motion on defendants dismiss Motion Courts will
have recieved "change of Address" by 7/17/08. Plaintiff
Pleads for an "order" to allow Plaintiff to be released
as scheduled and an order to stay the application
of Jessicas law prop. 83 on Plaintiff untill proceedings
are completed, Plaintiffs off parole on 2/18/08 See
exibit P 2

As far As the credibility of defendants declaration
of K. Kostecky and C. Zuniga these people have not
made themselfs Known to the main population of
Their employment in the 4 yrs of Plaintiffs
housing in and out of the Facility Plaintiff is
housed and employment of these individuals whom
one here to aid the Inmate population and are not
Know exibits P-3 are samples of what Inmate
population recieve when dealing with administrative
issue's and Richard Russell is the only individual
Known to Inmate Population not K. Kostecky or C Zuniga
See exibit 5

As far As the Correct defendant its a gov't agency
state that the Plaintiff has Chosen if James Tilton
Secretary of the Department of Corrections and Rehabilitation
needs to be included because a state entity is not
enough Then lets add Mr. tilton its a state entity
that plaintiff is challeging if without delay the
Courts require a human eliment Then I amend
This complaint with Mr. James ~~Tit~~ D.n. Tilton

1    **DECLARATION OF** _____

2    I, _____, hereby declare:

3    Plaintiffs objection to declarations of Kevin Kostecky, litigation

4    Coordinator is the baises of this employee's deliberate indifference

5    to plaintiff's living Condition's that compromised his physcall limitations

6    that Mr.Kostecky ignored or never replyed to Plaintiffs Medical needs

7    and this facility's non-compliance that Plaintiff required the Attorneys

8    of Rosen, Bien & GALvan, LLP to contact this employee Themselts

9    to aid the Plantiff to have the employees to copply comply with (See

bit-100) The ARMSTrong vs Scwareennegger case for the disabled as the

11    Plantiff's. as far as the use of a Grievence it has been used but

12    it was returned to the plaintiff beyond the time restraints to

13    proceed at the director's level See exibit-P8 #DVI 07 00053

14    dated 4/04/08 that At the director's level was refused due to

15    The Grevience being beyond it's time restraints to continue However

16    it's the way it was recieved by plaintiff as well as a Zerox copy

17    instead of it's oasinal document. See exibit -P8 DVI 07 Res2 -07-01503

18    dated 3/18/08 also denied due to being a zerox copy orisinal DVI lost not

19    plaintiff.

   **VERIFICATION**

20    I am the petitioner in the above cause of action, have read the statements herein,

21    and declare under penalty of perjury that upon information and belief these statements are

22    true and correct.

23

24    DATED: 7/10/08          **RESPECTFULLY SUBMITTED,**

25

26

27    _Anthony Como_

28



```
V50P55              PAROLE VIOLATOR WORKTIME CREDIT SYSTEM            05/16/2008
                    PAROLE VIOLATOR LEGAL STATUS SUMMARY        PAGE:    1
DC NO: K79110   NAME: CASSO,SANTIAGO,G              PAR STS: PRTC    LOC: DVIRC
-----------------------------------------------------------------------------
RIGINAL PAROLE DATE: 10/02/2004   PAL TIME     : 140   TOT PRV REV TIME: 772
AROLE PERIOD      : 3          PREV DEAD TIME:      PREV HOLD CR     :
EMPER/SOSA CREDITS :           DCH REVIEW DATE:    N/A
-----------------------------------------------------------------------------
RREST/HOLD DATE    : 02/28/2008   HOLD CREDITS:              DEAD TIME:

                                MRRD: 11/24/2008   CDD : 02/18/2009
-----------------------------------------------------------------------------
EVOCATION TIME  270   WORK ELIG  Y   BEGIN DATE 02/28/2008  END DATE 07/18/2008


RAN       DATE        END DATE        LOG      RULE     VIOLATION  DAYS
YPE                                  NUMBER   NUMBER    CATEGORY

CG      02/28/2008    07/18/2008                                   13.5

O BALANCE =      0  AS OF    /  /

)RRD 07/18/2008 BASED ON CREDIT APPLIED THRU 03/24/2008 , WORK GRP A1
```

*Exhibit-P2*

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**CALCULATION WORKSHEET**
**CONTROLLING DISCHARGE DATE**
CDC 1897L (04/00)

### CALCULATION WORKSHEET FOR CONTROLLING DISCHARGE DATE (CDD)

This form is used to calculate the CDD for parolees/parole violators with either a single case, or multiple cases. Use additional sheets if more than two CDD's require tracking. Note: Revocation time includes revocation extension time served.

| | | |
|---|---|---|
| Case Number(s) _H34711_ | | Case Number(s) _____ |
| Original Parole Date | _10-2-04_ | Original Parole Date _____ |
| Plus Parole Period | + _3 yrs_ | Plus Parole Period + _____ |
| Minus Kemper/Sosa Credit | - _0_ | Minus Kemper/Sosa Credit - _____ |
| Original CDD | = _10-2-07_ | Original CDD = _____ |

#### PAL (Suspend) Time

| Suspend Date | Reinstate Date | Days |
|---|---|---|
| 6-28-05 | 10-5-05 | 99 |
| 4-5-06 | 5-13-06 | 38 |
| 9-5-06 | 9-8-06 | 3 |
| | | |
| | | |
| **Total PAL Time** | _140_ | + _140_ |

#### PAL (Suspend) Time

| Suspend Date | Reinstate Date | Days |
|---|---|---|
| | | |
| | | |
| **Total PAL Time** | | + _____ |

#### Revocation Time Served

| Arrest/Hold Date | PRRD/RRD | Days |
|---|---|---|
| 3-20-05 | 5-30-05 | 71 |
| 10-5-05 | 3-4-06 | 150 |
| 5-13-06 | 9-1-06 | 111 |
| 9-8-06 | 2-15-07 | 160 |
| 4-6-07 | 8-29-07 | 145 |
| 10-5-07 | 2-17-08 | 135 |
| 2-28-08 | 7-18-08 | 141 |
| **Total Revocation Time** | _913_ | + _365_ |

(usually cannot add more than 365 days to the CDD)

**Recalculated CDD** = _~~2-18-09~~_

#### Revocation Time Served

| Arrest/Hold Date | PRRD/RRD | Days |
|---|---|---|
| | | |
| | | |
| **Total Revocation Time** | | + _____ |

(usually cannot add more than 365 days to the CDD)

**Recalculated CDD** = _____

| CALCULATED BY (Name & Title) | DATE |
|---|---|
| E. JACKSON-SEARS          CCRA | 6-18-08 |

| INMATE'S NAME | CDC NUMBER | LOCATION |
|---|---|---|
| CASSO | K79110 | DVIRC |

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE CASSO, K79110                          Date: April 29, 2008
Current Housing: WHD 00000000012

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: DVI-X-08-01019

ASSIGNED STAFF REVIEWER: HCM
APPEAL ISSUE: ADA
DUE DATE: 05/19/2008

Inmate CASSO, this acts as a notice to you that your appeal has been sent to the above staff for SECOND level response. If you have any questions, contact the above staff member. If dissatisfied, you have 15 days from the receipt of the response to forward your appeal for THIRD level review. Third level appeals are to be mailed directly to:

> Chief of Inmate Appeals
> Department of Corrections
> P. O. Box 942883
> Sacramento, CA  94283-0001


Richard Russell
Appeals Coordinator
Deuel Vocational Institution

CDC FORM 695
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

State of California

RE: Screening at the INFORMAL Level

*April 30, 2008*

*CASSO, K79110*
*WHD 00000000012*

Log Number: DVI-X-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your CDC 602 is incomplete. It is being returned to you for the following reasons:*

*Did you submit a 7362 Health Care Request Form?*

Richard Russell
Appeals Coordinator
Deuel Vocational Institution

*NOTE*

Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

CDC FORM 695
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*May 21, 2008*

*CASSO, K79110*
*WHD 00000000012*

Log Number: DVI-X-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is missing a copy of your Legal Status Summary.  Attach and resubmit.*

Richard Russell
Appeals Coordinator
Deuel Vocational Institution

*NOTE*

Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

SANFORD JAY ROSEN[1]
MICHAEL W. BIEN
ERNEST GALVAN
GAY C. GRUNFELD

JANE KAHN[2]

# ROSEN, BIEN & GALVAN, LLP
ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA 94104-0390
TELEPHONE: (415) 433-6830
FAX: (415) 433-7104
EMAIL: rbg@rbg-law.com
www.rbg-law.com



HOLLY BALDWIN
LISA ELLS
SHIRLEY HUEY[3]
MEGHAN LANG
SARAH LAUBACH
ANNE MANIA
NURA MAZNAVI
MARIA MORRIS[4]
THOMAS NOLAN
LORI RIFKIN[5]
LOREN STEWART
KENNETH WALCZAK[6]
AMY WHELAN
SARAH O. ZIMMERMAN[6]

April 17, 2008

VIA FACSIMILE AND E-MAIL

Gene Nies, ADA Coordinator
Steve Dwight, ADA Correctional Counselor
Deuel Vocational Institution
PO Box 600 (Admin)
Tracy, CA 95378
Email: Gene.Nies@cdcr.ca.gov
        Steve.Dwight@cdcr.ca.gov

Kevin Kostecky, Litigation Coordinator
Deuel Vocational Institution
PO Box 600 (Admin)
Tracy, CA 95378
Facsimile: (209) 830-3922
Kevin.Kostecky@cdcr.ca.gov

Re:    *Armstrong v. Schwarzenegger*
       Our File No. 581-3

Dear Mr. Nies, Mr. Dwight, and Mr. Kostecky:

Plaintiffs write concerning class member Santiago Casso (K-79110), a DVI inmate with a mobility impairment. Our records indicate that Mr. Casso has been classified as DPM in the past and most likely currently. Mr. Casso informed us that upon his recent arrival to DVI, he was in possession of a lower-bunk, no stairs, and CSR alert chrono issued from San Quentin (his sending institution). Despite this, he was told that he would have to be housed on an upper bunk due to the unavailability of lower bunks. Mr. Casso is currently housed on an upper bunk, which presents a danger to his safety due to his mobility limitations.

Please investigate this situation and ensure that Mr. Casso is moved to a lower bunk as prescribed by his most recent housing chrono.

This letter is being sent directly to you pursuant to an agreement between the *Armstrong* plaintiffs' attorneys and the Legal Affairs Division of the Department of Corrections. It is intended to inform the institution of plaintiffs' counsel's concerns about *Armstrong* class members at the institution. A copy of this letter is being sent to the Legal Affairs Division and the Court Compliance Team (CCT) at the CDC headquarters.

//



April 17, 2008
Page 2

     If you have any questions, please contact CCT.

<div style="margin-left:50%">

Sincerely,

ROSEN, BIEN & GALVAN, LLP

*Thomas Nolan*

By: Thomas Nolan

</div>

TN:md
CC: Jim Blevins (via email only)
    Rick Wells (via email only)
    Mr. Santiago Casso K-79110

State of California

Department of Corrections and Rehabilitation
Inmate Appeals Branch

# Memorandum

Date   :   April 10, 2008

To   :   CASSO, SANTIAGO   K79110
Deuel Vocational Institution
P.O. Box 400
Tracy, CA  95376

Subject:   **APPEAL ACTIVITY**

The attached page(s) lists a summary of your recent appeal history and status of
appeals still under review.

N. GRANNIS, Chief
Inmate Appeals Branch

Attachment(s)

Inmate Appeals Branch

04/10/2008

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION**
Inmate / Parolee Appeals Tracking System - Level III

Appellant Information
CDCR Number: K79110

Sorted By: Last Name

| CDCR Number | Appellant Name | Location | Arrival Date |
|---|---|---|---|
| K79110 | CASSO, SANTIAGO | DVI | 04/03/2008 |

**Accepted Appeals**

| IAB Number | Issue | Inst. Log Number | Closed Date | Disposition |
|---|---|---|---|---|
| 0306578 | ADA | SQ-03-03360 | 01/28/2004 | DENIED |
| 0308899 | PROPERTY | SQ-03-03420 | 05/04/2004 | DENIED |
| 0309213 | ADA | SQ-04-00182 | 04/01/2004 | DENIED |
| 0309768 | LIVING CONDITIONS | SQ-04-00013 | 06/10/2004 | DENIED |
| 0310512 | MAIL | SQ-04-00088 | 06/28/2004 | DENIED |
| 0310587 | MAIL | SQ-04-00033 | 06/28/2004 | DENIED |
| 0310592 | MAIL | SQ-04-00407 | 06/28/2004 | DENIED |
| 0313661 | PROPERTY | SQ-03-03497 | 09/17/2004 | DENIED |
| 0704649 | ADA | DVI-07-01339 | 10/05/2007 | DENIED |
| | | ASP-07-01715 | | |
| 9804927 | STAFF COMPLAINTS | SOL-98-01487 | 03/05/1999 | DENIED |
| 9807016 | DISCIPLINARY | SOL-98-01962 | 04/30/1999 | GRANTED IN PART |
| 9807211 | PROPERTY | SOL-98-02039 | 08/18/1999 | DENIED |

**Screen Outs**

| IAB Number | Issue | Inst. Log Number | Screened Out | Reason |
|---|---|---|---|---|
| 0308899 | PROPERTY | SQ-03-03420 | 01/07/2004 | MISSING DOCUMENTATION |
| 0313661 | PROPERTY | SQ-03-03497 | 03/08/2004 | |
| 0313661 | PROPERTY | SQ-03-03497 | 01/16/2004 | MISSING DOCUMENTATION |
| 0721007 | RE-ENTRY/PAROLE | REG2-07-01503 | 03/18/2008 | ONLY ORIGINAL APPEAL ACCEPTED AT DL REVIEW |
| 0722991 | OTHER | DVI-07-00055 | 04/04/2008 | APPEAL NOT BEEN ACCEPTED AT DIRECTOR'S LEVEL |

Inmate Appeals Branch

04/10/2008

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION**

**Inmate / Parolee Appeals Tracking System - Level III**

| CDCR Number | Appellant Name | Location | Arrival Date | |
|---|---|---|---|---|
| X9110 | CASSO, SANTIAGO | DVI | 04/03/2008 | |
| 5032797 | CASE INFO/RECORDS | DVI-06-1989 | 01/18/2007 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5040655 | DISCIPLINARY | 00-1773-SQ | 08/14/2000 | APPEALING ACTION/DECISION NOT YET OCCURRED |
| 5042883 | DISCIPLINARY | ASP-00-01321 | 10/12/2000 | MUST BE COMPLETED THROUGH 2ND LEVEL<br>ONLY ORIGINAL APPEAL ACCEPTED AT DL REVIEW |
| 5043336 | OTHER | | 10/06/2000 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5063083 | ADA | SQ-02-832 | 06/24/2002 | ONLY ORIGINAL APPEAL ACCEPTED AT DL REVIEW |
| 5091556 | PROPERTY | | 04/02/2004 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5093279 | CASE INFO/RECORDS | SQ-04-759 | 05/12/2004 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5096003 | ADA | LAC-04-01121 | 06/22/2004 | MISSING DOCUMENTATION |
| 5096627 | CASE INFO/RECORDS | LAC-B-04-01283 | 07/13/2004 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5098512 | CASE INFO/RECORDS | LAC-B-04-01436 | 08/20/2004 | MISSING DOCUMENTATION |
| 5101591 | DISCIPLINARY | SATF-04-03638 | 10/01/2004 | MISSING DOCUMENTATION |