IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO G. CASSO, JR., <br><br> Plaintiff(s), <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, <br><br> Defendant(s). | No. C 07-5959 CRB (PR) <br><br> ORDER DENYING MOTION TO DISMISS AND STAYING PROCEEDINGS <br><br> (Docket No. 14) |

Plaintiff seeks to restrain the California Department of Corrections and Rehabilitation ("CDCR") from enforcing Jessica's Law, formally known as the Sexual Predator Punishment and Control Act ("SPPCA"), against him. The SPPCA prohibits registered sex offenders from residing within 2,000 feet of any public or private school or park where children regularly gather, Cal. Penal Code § 3003.5, and requires them to be monitored by a global positioning system ("GPS") for parole, id. § 3000.07, and for life, id. § 3004. It was enacted into law by California voters on November 7, 2006.

## I.

In 1988, plaintiff was convicted of a felony for which he must register as a sex offender under California Penal Code § 290. He was sentenced to state prison and mandatory registration as a sex offender for life. Plaintiff was released on parole and his parole was eventually discharged before the SPPCA was enacted; however, he has been remanded back into custody and released on parole on more than one occasion on subsequent offenses and parole violations.

In August 2007, plaintiff was informed by his parole officer that he must comply with the residency restriction and GPS monitoring provisions of the SPPCA. Plaintiff claims that these provisions unfairly prohibit him from living in his home and require him to wear a GPS ankle bracelet despite his having mobility health problems. He also claims that the provisions are being given impermissible retroactive effect as to him.

Per order filed on March 18, 2008, the court found that plaintiff's allegations appear to state minimally cognizable due process claims under 42 U.S.C. § 1983 and ordered the complaint for injunctive relief served on CDCR Secretary James E. Tilton.

## II.

Defendant moves for dismissal on grounds of lack of standing, mootness, lack of a proper defendant, improper venue and nonexhaustion. Plaintiff has filed an opposition and defendant has filed a reply.

### A.

Defendant argues that the complaint should be dismissed for lack of standing because at the time of filing plaintiff was back in custody on a parole revocation and SPPCA's parole provisions no longer applied to him. In the alternative, defendant argues that the complaint was rendered moot by plaintiff's

2

return to custody. The arguments lack merit.

Article III standing is present when (1) a plaintiff suffers a concrete, particularized injury which is actual or imminent; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Plaintiff satisfies all these criteria.

The court cannot agree with defendant's assertion that plaintiff cannot show that he suffered an injury which is "actual or imminent" because the SPPCA provisions did not apply to him once he was back in custody. Plaintiff suffered an actual injury when his parole officer applied SPPCA's provisions to him shortly before he filed this action and plaintiff will almost certainly suffer the same injury again once he is released on parole in the very near future.[1] Cf. id. at 561-62 (in suit challenging government action where plaintiff personally was object of action at issue, there "is ordinarily little question" that plaintiff has suffered injury and that judgment in his favor will redress it).

And for essentially the same reasons, defendant's alternative argument that the complaint should be dismissed as moot due to petitioner's return to custody must be rejected. Plaintiff's imminent release on parole will almost certainly again subject him to the SPPCA's provisions he challenges here. It simply cannot be said that plaintiff's challenge to SPPCA's provisions has lost its character as a present, live controversy due to his temporary incarceration on a parole violation. See Flast v. Cohen, 392 U.S. 83, 95 (1968).

/

---

[1] The attachments to the complaint in plaintiff's most recent action show that his projected release date is July 18, 2008, and his controlling discharge date is February 18, 2009. See Casso v. Tilton, No C 08- 3282 CRB (PR) (N.D. Cal. filed July 8, 2008).

B.

Defendant argues that the complaint should be dismissed for lack of a proper defendant, improper venue and nonexhaustion. The arguments lack merit.

It is well-established that the Eleventh Amendment does not bar suit against a state official for prospective injunctive relief from unconstitutional state action. See Ex parte Young, 209 U.S. 123, 159-60 (1908); Armstrong v. Wilson, 124 F.3d 1019, 1026 (9th Cir. 1997). Plaintiff's suit for prospective injunctive relief against Secretary Tilton, who the court substituted in for CDCR in its order of service, may proceed. See id.

Venue is proper in this matter in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Because a substantial part of the events giving rise to plaintiff's claims occurred in this district – plaintiff was paroled to Alameda County and will almost certainly be paroled to Alameda County again – venue is proper here.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). PLRA's exhaustion requirement does not apply to the instant action because plaintiff's action does not challenge any prison conditions, but rather the restrictions imposed by the SPPCA upon his release.

III.

Courts have determined that the SPPCA does not have retroactive effect, meaning that sex offenders released from custody prior to the enactment of the SPPCA are not subject to its provisions. See Doe v. Schwarzenegger, 476 F. Supp. 2d 1178, 1180-81 (E.D. Cal. 2007); Doe v. Schwarzenegger, No. C 06-6968 JSW, 2007 WL 601977, at **1-2 (N.D. Cal. Feb. 22, 2007). Here, while plaintiff was released from custody on his sexual offense before the enactment of the SPPCA, he was returned to prison and released on parole on subsequent offenses after the enactment of the SPPCA. Under these circumstances, there remains a legal question as to whether the SPPCA is being applied retroactively to plaintiff. That question, and several related other questions, are currently pending before the Supreme Court of California in In re E.J., S.P., J.S., K.T. In view of the important state interests at hand, this case will be stayed pending the decision in In re E.J., S.P., J.S., K.T. Accord Doe v. Dep't of Correction, No. C 07-5117 JF, 2007 WL 3037711, at *1 (N.D. Cal. Oct. 17, 2007) (staying similar case pending state supreme court decision in In re E.J., S.P., J.S., K.T.).

IV.

For the foregoing reasons, defendant's motion to dismiss (docket no. 14) is DENIED and the case is STAYED pending the decision of the Supreme Court of California in In re E.J., S.P., J.S., K.T.

The clerk is instructed to ADMINISTRATIVELY CLOSE the case. Nothing further will take place in this matter until the Supreme Court of California issues its decision in In re E.J., S.P., J.S., K.T. and one of the parties

/

/

/

5

1 | informs the court and moves to reopen the case.
2 | SO ORDERED.
3 | DATED: July 21, 2008
4 | CHARLES R. BREYER
United States District Judge